UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TROY BLANDING,                              :
                                            :
                    Plaintiff,              :    Docket No. 16-CV-2594
                                            :
        - against -                         :
                                            :
CITY OF NEW YORK, NYC POLICE                :
DETECTIVE M. DOMINGUEZ, SHIELD # :
07902, NYC POLICE DETECTIVE L.              :    **AMENDED**
RAMOS, SHIELD # 04528, NYC POLICE           :    **VERIFIED COMPLAINT**
DETECTIVE K. JOHNSON, SHIELD #              :
03786, NEW YORK CITY POLICE                 :
DEPARTMENT, and POLICE OFFICER              :
JOHN DOE NUMBERS 1-10, unknown and :
intended to be named New York City Police   :    Jury Trial Demanded
Officers,                                   :
                    Defendants.             :
-------------------------------------------------------x:
                                            :

      Troy Blanding ("Mr. Blanding" or "Plaintiff"), by his undersigned attorneys, Raiser &

Kenniff, P.C., as and for his Verified Complaint against the City of New York (the "City"), NYC

Police Detective M. Rodriguez, Shield # 07902 ("Rodriguez"), NYC Police Detective L. Ramos,

Shield # 04528 ("Ramos"), NYC Police Detective K. Johnson, Shield # 03786 ("Johnson") New

York City Police Department ("NYPD") and Police Officer John Doe Numbers 1-10, unknown

and intended to be named New York City Police Officers involved in the occurrences herein,

individually and in their respective capacities as members of the New York City Police

Department, (together, the "Defendants"), hereby allege as follows:

## PRELIMINARY STATEMENT

      1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and

Fourteenth Amendments to the United States Constitution, and Article I, §§ 11 and 12 of the

New York State Constitution. Plaintiff brings this action for violations of civil rights, false arrest, false imprisonment, malicious prosecution, negligent hiring, negligent training and supervision, and other wrongful acts by Defendants.

2. Plaintiff alleges that on or about March 20, 2005, at approximately 3:20 p.m., he was lawfully present on Amsterdam Avenue, New York, New York, when he was unlawfully handcuffed, detained, restrained, wrongfully taken into custody, and wrongfully imprisoned by New York City Police Officers, including Dominguez, Ramos, and Johnson.

3. Plaintiff further alleges that Plaintiff was maliciously prosecuted by the DA on a charge of Criminal Sale of a Controlled Substance, a Felony, despite his uninvolvement in the alleged crime. On August 5, 2014, all charges against Plaintiff were dismissed.

4. Plaintiff further alleges that Defendants caused Plaintiff severe injuries, including, but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, by reason of the intentional, malicious, willful, reckless, careless, and/or negligent conduct of Defendants, their agents, servants, employees, and/or licensees.

5. Plaintiff further alleges that the City, NYPD, and the Detectives, are individually, jointly and severally liable for the violations of Plaintiff's constitutional rights, in that said defendants have:

6. falsely arrested and imprisoned Plaintiff despite a lack of probable cause connecting him to the alleged crime;

7. maliciously prosecuted Plaintiff for a crime he did not commit;

2

8. failed to properly and adequately hire their agents, servants, employees, and/or licensees involved in the occurrences herein; and

9. failed to properly train, instruct, supervise, and/or discipline their agents, servants, employees, and/or licensees involved in the occurrences herein.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), this being an action seeking redress, and to recover damages for violations of Plaintiff's constitutional and civil rights.

11. Venue is proper for the United States District court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

## PARTIES

12. Plaintiff was and is, at all relevant times herein, a resident of the City of New York, County of New York, State of New York. At all times relevant herein, Plaintiff was and is a citizen of the United States.

13. Defendants Dominguez, Ramos and Johnson, and Police Officer John Doe Numbers 1-10 were and are, at all times relevant herein, officers, employees, and agents of the Defendant City, a municipal agency of the Defendant City.

14. At all times relevant herein, Dominguez, Ramos and Johnson, and the Police Officer John Doe Numbers 1-10 were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees, and officers of the City, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for, and on behalf of, the City at all times relevant herein

3

with the power and authority vested in them as officers, agents, and employees of the City and incidental to the pursuit of their duties as officers, employees, and agents of the City.

15. The Defendant City is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department and a district attorney's office, which both act as its agents in the areas of law enforcement and criminal prosecution respectively, and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force, and the employment of police officers, as said risk attaches to the public consumers of the services provided by the County.

## STATEMENT OF FACTS

16. On or about March 20, 2005, Plaintiff was lawfully present on Amsterdam Avenue about 3:00 p.m., and in a store with other customers. After leaving the store, Plaintiff was approached by an undercover police officer, who, on information and believe, was Defendant Dominguez, who ordered Plaintiff to raise his hands and handcuffed him. Shortly thereafter, there was a subsequent identification by Detectives Ramos and Johnson claiming Plaintiff was involved in a drug sale.

17. The Plaintiff was taken to Central Booking, processed, and subsequently arraigned with bail set at $3,500.00, which Plaintiff, being destitute, could not raise.

18. The Defendant Detectives, prior to arraignment, interrogated Plaintiff in an attempt to convince him to buy drugs for them and Plaintiff, in words or substance, indicated that he would be killed for this activity and declined. In response, the Defendant Detectives indicated that they would insure his conviction and long sentence if he refused, which occurred upon his conviction after trial and his sentencing on June 23, 2006.

4

19. Plaintiff served six years of incarceration, suffering deprivation of his liberty, freedom, and companionship, and was made to endure suffering beyond those of the normal prison population.

20. The Plaintiff was arrested without probable cause and pursuant to Defendant City's unconstitutional "Stop and Frisk" Policy in violation of the Monell decision. Further, the Defendant Detectives failed to reveal their threats of falsifying testimony to the District Attorney in violation of the Rosario Rule.

21. Plaintiff appealed his conviction which was overturned by the Appellate Division Second Department on April 10, 2014 (116 AD3 498) and a certificate of dismissal of the charges was issued by the clerk of the Supreme Court on August 26, 2014 (copies attached.)

## FIRST CLAIM

### VIOLATION OF RIGHTS SECURED BY 42 U.S.C. § 1983 AND BY THE FORUTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION

22. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

23. At all times relevant herein, the conduct of the City, the NYPD, Defendant Detectives, and the NYPD Officer John Doe Numbers 1-10 were subject to the provisions of 42 U.S.C. §§ 1983 and 1988.

24. As of March 20, 2005, there existed a clearly recognized federal right pursuant to the Fourth and Fourteenth Amendments of the United States Constitution to be free from unreasonable seizures by government actors, and deprivation of liberty without due process of law.

25. The conduct and actions of the Defendants, acting jointly and severally under color of state law, in unlawfully arresting and imprisoning Plaintiff, and in unlawfully prosecuting Plaintiff for crimes he did not commit, was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiff's reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

26. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages, including but not limited to, personal injuries, loss of liberty, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

### SECOND CLAIM

**VIOLATION OF RIGHTS SECURED BY 42 U.S.C. §1983
AND BY THE EIGHTH AND FOURTEENTH AMENDMENTS
OF THE UNITED STATES CONSTITUTION BY FAILING TO
PROTECT THE PLAINTIFF FROM UNCONSTITUTIONAL HARM**

27. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

28. As of March 20, 2005, there existed a clearly recognized civil right to be free from wrongful and/or illegal acts which would violate the rights guaranteed to Plaintiff under the Constitution and laws of the United States and the State of New York.

6

29. The conduct and actions of the Defendants, acting jointly and severally under color of state law, failing to take any steps to protect Plaintiff from unjustified arrest, imprisonment, and prosecution was done intentionally, maliciously, negligently, and/or with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification, and was designed to cause and did cause damage to Plaintiff's reputation, loss of wages and employment, legal fees, and related damages in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the U.S. Constitution.

30. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, the Plaintiff suffered injuries and damages, including but not limited to, personal injuries, loss of liberty, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## THIRD CLAIM

### CONSTITUTIONAL CLAIMS AGAINST THE CITY, AND THE NYPD

31. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

32. At all times material to this Verified Complaint, the City, acting through the City, had in effect policies, practices, and customs exhibiting deliberate indifference to the constitutional rights of the citizens, residents, and occupants of the City that were a direct and proximate cause of the unconstitutional conduct of the Defendants in that Plaintiff was arrested pursuant to their "Stop and Frisk" Policy which was found to be unconstitutional.

7

33. These policies, practices, and customs include, *inter alia:* (a) the failure to properly screen, supervise, discipline, transfer, counsel, and/or otherwise control NYPD officers responsible for law enforcement; and (b) the failure to properly train and supervise NYPD officers to properly investigate potential complaints of criminal activity and to prosecute said complaints without withholding Rosario material and probable cause.

34. At all times herein, the City, and the NYPD have authority to address the alleged behavior that violates citizens' constitutional rights and to institute corrective measures.

35. At all times herein, the City, and the NYPD, knew or should have known that there was no evidence to support an arrest of Plaintiff, but the City, and the NYPD failed to take calculated steps to ensure that proper attention was given to Plaintiff's circumstances, choosing instead to remain deliberately indifferent to Plaintiff's innocence.

36. As a direct and proximate result of the City's, and the NYPD's wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, loss of liberty, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## FOURTH CLAIM

### FALSE ARREST AND FALSE IMPRISONMENT

37. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

38. Defendants City, NYPD, Defendant Detectives, and the NYPD Officer John Doe Numbers 1-10, acting individually and in concert, intentionally and deliberately falsely detained,

8

arrested, restrained, and imprisoned Plaintiff without any probable cause that Plaintiff committed a crime.

39. As a result of the false arrest, Plaintiff spent six years in jail without benefit of family and companionship.

40. Moreover, as a result of the arrest, Plaintiff was illegally prosecuted, convicted and sentenced.

41. Plaintiff was conscious of his confinement in jail in connection with the unjustified charges against him, and did not consent to the confinement.

42. The confinement of Plaintiff in jail was not otherwise privileged.

43. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, loss of liberty, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

44. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

45. The actions of the City, NYPD, Defendant Detectives, and the NYPD Officer John Doe Numbers 1-10, acting individually and in concert, intentionally and deliberately led to a malicious prosecution of Plaintiff.

46. A judicial proceeding was commenced and prosecuted against Plaintiff despite Plaintiff's innocence and the absence of evidence connecting him to the crimes alleged.

47. As a result of the judicial proceeding, Plaintiff suffered embarrassment and damage to both Plaintiff's reputation among family and friends and others.

48. This judicial proceeding was undertaken without probable cause and with malice aforethought. As exhibited by the Defendant Detectives threatening to secure a prison term for Plaintiff if he didn't work with them and failing to disclose to the Court.

49. The judicial proceeding was terminated in favor of Plaintiff on or about August 5, 2014 due to lack of probable cause to arrest and prosecute.

50. Plaintiff was injured by having to go through this judicial proceeding and suffered interference with his person, reputation, wages, and employment as a result of this proceeding.

51. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, loss of liberty, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## SIXTH CLAIM

### PENDENT CLAIM OF NEGLIGENT HIRING, TRAINING AND SUPERVISION AGAINST THE CITY, AND THE NYPD

52. Each and every allegation set forth in the preceding paragraphs is incorporated herein by this reference with the same effect as if fully set forth herein.

53. At all times relevant herein, the City, and the NYPD have been grossly negligent and/or negligent in the hiring, supervision, training, and monitoring of their officers, agents, and employees responsible for law enforcement, the investigation of alleged criminal activity, and the prosecution of said criminal activity.

54. As a result of the City's, and the NYPD's failure to properly hire, supervise, train, and monitor their officers, agents, and employees, Plaintiff was falsely arrested, falsely imprisoned, and maliciously prosecuted for the alleged crime of Robbery.

55. As a direct and proximate result of the Defendants' wrongful acts, policies, practices, customs, and/or usages complained of herein, Plaintiff suffered injuries and damages, including but not limited to, personal injuries, pain and suffering, reputational damage, loss of wages and employment, legal fees, and related damages, without any negligence on the part of Plaintiff contributing thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief jointly and severally against the Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) The convening and empaneling of a jury to consider the merits of the claims herein;

(d) Costs and interest and attorneys' fees; and

(e) Granting such other and further relief as the Court may deem just and proper.

Dated: Mineola, New York
      November 29, 2016

                 Respectfully submitted,

                 **RAISER & KENNIFF, P.C.**

                 By:

                    E. Gordon Haesloop, Esq.
                 300 Old Country Road, Suite 351
                 Mineola, New York 11501
                 (516) 742-7600
                 gordon@raiserkenniff.com

                 *Attorneys For Plaintiff*

12

V E R I F I C A T I O N

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

E. GORDON HAESLOOP, ESQ. being sworn, deposes and says:

He is a member of RAISER & KENNIFF, P.C. attorneys for Plaintiff TROY BLANDING

in the within action; he has read the within Verified Complaint and knows the contents thereof;

and the same is true to his own knowledge, except and to the matters herein stated to be alleged

upon information and belief, and as to those matters, he believes them to be true.

The source of his information and knowledge are based upon an investigation of the

records on file.

The reason this Verification is being made by deponent and not by the Plaintiff is that the

Plaintiff not within the county where deponent has its offices.

E. GORDON HAESLOOP, ESQ.

Sworn to before me this

29th day of November, 2016

Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 2018

13